## BLUME LEWINE, RESPONDENT, v. MAX BALTAR, APPELLANT.

Submitted December 5, 1921—Decided March 6, 1922.

Plaintiff was entitled to recover in ejectment under a deed for land, unless defendant rightfully held possession under a lease. The plaintiff offered in evidence a lease with defendant which it was proven was made for her benefit by her husband, containing conditions for re-entry if certain covenants were broken. There was proof that some were broken and the jury so found. *Held*, not error to admit the lease in evidence, because if made for plaintiff's benefit she had a right to sue in her own name, and defendant was not harmed, for without the lease he could show no right to possession, and with it could set up such right and deny violation of any covenant injurious to his right of possession. The admission of the lease was not to the injury of defendant.

On appeal from the Supreme Court.

For the appellant, *Theodore F. Schimpf*.

For the respondent, *Clarence L. Cole, Jr.*

The opinion of the court was delivered by

BERGEN, J. The plaintiff recovered a judgment in ejectment against the defendant, who appeals. The plaintiff was the owner of the land in controversy as appears by the deed to her from her vendor in possession, and if no other matter intervened, plaintiff would have been entitled to a directed verdict. But the plaintiff offered in evidence a written lease for the premises made by her husband to the defendant, containing covenants which if broken entitled the lessor to re-enter. There was evidence of covenants broken, and that question was submitted to the jury and found for the plaintiff.

The trial errors argued by the defendant can all be disposed of in dealing with his objection to the admission in evidence of the lease. It was proven that in making the lease, al-

though the lessor named was the husband of the plaintiff, he was acting for her, and the contract was made for her benefit. The defendant cites a number of cases, to the effect that where an agent makes a lease in his own name, his principal cannot sue to enforce it, but all were decided before the statute 1903 (*Comp. Stat., p.* 4059, § 28), and the rule is otherwise in this state. *Holt v. United Security Life Insurance Co.,* 76 *N. J. L.* 585. The defendant was not injured by the admission in evidence of the lease as a contract made for the benefit of the plaintiff, for it conferred on defendant a right· to possession unless he should forfeit it by violating its covenants on which his right to possession rested. The only possible defence defendant had was his right to possession under the lease which plaintiff introduced ·in evidence, and if it had been rejected by the court, on the motion of the defendant, upon the ground that it was not a lease executed by plaintiff, then defendant had no right to hold possession against plaintiff's deed. If plaintiff had rested on her deed from one in possession, what could have been defendant's defence under this record other than his right to possession under the lease he now complains was illegally admitted, and to make it available he would have to prove that it was a contract made for plaintiff's benefit, otherwise it was not her contract and granted to defendant no right to possession.

No legal error appearing in this record the judgment will be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 14.

*For reversal*—THE CHANCELLOR, WILLIAMS, J. 2.